FILED

2016 Jan-05  PM 12:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PEARLEEN MCNEELY KING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:15-CV-1985-VEH** |
| | ) | |
| **NATIONAL SECURITY GROUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

### I.    Introduction and Procedural History

On November 3, 2015, Plaintiff Pearleen McNeely King ("Ms. King"), who is

proceeding *pro se*, initiated this action against Defendant National Security Group,

Inc. ("NSG") (Doc. 1). Perceiving multiple problems with Ms. King's pleading, on

November 9, 2015, the court ordered Ms. King (i) to replead her claims and (ii) either

to pay the civil filing fee, or to show cause why she should not be so required. (Doc.

4 at 3).

The court gave Ms. King 45 days–or until December 28, 2015[1]–in which to

comply with its order. *Id.* The court further expressly warned Ms. King that her

---

[1]  The 45th day actually ran on December 24, 2015, but the court was not open to accept non-electronic filings until December 28, 2015.

failure "to file an amended complaint that comports with the requirements of this order and the Federal Rules of Civil Procedure will result in this action being dismissed without prejudice, *sua sponte*." *Id.*

The record shows that Ms. King received the court's repleader order on or before November 17, 2015 (Doc. 5) and yet her repleader deadline has passed without any filing or payment from Ms. King. Under such circumstances and as explained more fully below, the court concludes that Ms. King's case against NSG is due to be dismissed without prejudice *sua sponte*.

## II.   Analysis

As the foregoing procedural history reveals, Ms. King has neither complied with the requirement that she replead her claims nor provided any explanation to the court for this non-compliance. Ms. King also has neither paid her filing fee nor showed cause to the court why she should not be required to do so. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Further, case law reinforces that, as a result of Ms. King's failure to comply with the repleader order, pay her filing fee, or otherwise indicate an intent that she still wishes to pursue claims against NSG (*e.g.*, such as by seeking an extension of

time in which to restate her claims or pay her filing fee), the court possesses the inherent power to dismiss her case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order requiring her to replead and address the omitted filing

fee issue, Ms. King was put on notice that the court would consider dismissing her case for lack of prosecution if she failed to timely and adequately comply (Doc. 4 at 3) and, nonetheless, she ignored that warning and filed nothing that was responsive to the court's concerns.[2] "[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[3] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Guided by the foregoing legal framework, the court concludes that dismissing Ms. King's action against NSG "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Ms. King is representing herself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future,

---

[2] On December 4, 2015, Ms. King did file a non-responsive and procedurally-puzzling "Motion Demanding Default Judgment, Default Judgment and Notice of Official Misconduct and Permanent Disability" (Doc. 6), seeking to obtain a default judgment against NSG (who remains unserved).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Ms. King's claims against NSG, if any, are not barred from further litigation by such an order. Additionally, a "without prejudice" dismissal is consistent with the above language of the court's prior warning to Ms. King in the event that she failed to replead her claims and address the status of her unpaid filing fee in the manner required by the court. (Doc. 4 at 3).

## III. Conclusion

Therefore, Ms. King's claims against NSG are due to be dismissed without prejudice due to her failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's November 9, 2015, order for repleader. Further, as a result of this dismissal, Ms. King's "Motion Demanding Default Judgment, Default Judgment and Notice of Official Misconduct and Permanent Disability" (Doc. 6) filed on December 4, 2015, is due to be termed as moot. The court will enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 5th day of January, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

5